FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG 31  PM 2: 38

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 04-1053 |
| EDUCATION MANAGEMENT, INC. | SECTION "T" |

Before this Court is a Motion for Clarification of a Court Ordered Deadline [Doc. 73] and a Motion for a New Trial [Doc. 96], filed by Intervenors Angela Robinson and Kathleen Bertram. The Court, having studied the legal memoranda and exhibits submitted by the parties, the record, and the applicable law, is fully advised on the premises and ready to rule.

### ORDER AND REASONS

I.  **BACKGROUND**

Intervenors, Kathleen Bertram ("Bertram") and Angela Robinson ("Robinson"), filed a Motion requesting a new trial pursuant to Federal Rule of Civil Procedure 59 because their claims were dismissed with prejudice in a Court Order dated April 10, 2006 for failure to prosecute their claims and appear at properly noticed depositions.

Bertram failed twice to appear for properly noticed depositions on January 23, 2006 and

1

___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No_____

February 14, 2006. Bertram claims that because she had relocated to Florida following Hurricane Katrina, she did not receive notice of the first deposition because the notice was mailed to her last known address. Also, she could not be reached at her last known telephone number. Scottsdale Insurance Company ("Scottsdale") re-noticed her deposition for February 14, 2006. Ms. Bertram admits that she was aware of the February 14, 2006 deposition, but failed to appear based on the advice of her attorney at the time.

Robinson also failed to appear at two noticed depositions on January 23, 2006 and February 21, 2006. Because she relocated after Hurricane Katrina, she did not receive a copy of the notice because she was no longer residing at her last known address, nor could she be contacted at her last known phone number. Robinson claims that she did not have notice of the first deposition. Scottsdale re-noticed the deposition for February 21, 2006. Robinson learned from her attorney of the second notice on February 17, 2006 but because she was traveling to Atlanta, Georgia to attend a funeral, she did not appear at the second deposition. She did not contact Scottsdale to notify them of her travel plans or attempt to reschedule the deposition.

This Court was aware of the failures of the Bertram and Robinson to appear, and the similar failure of five other Intervenors. Counsel was repeatedly told that the Court would dismiss any Intervenors who failed to appear and have their depositions taken.[1] On February 23, 2006, this Court issued an Order stating in part that any Plaintiff "who fails to appear and have

---

[1] The Court held five status conferences with the attorneys in this case between February 1, 2006 and March 16, 2006. At these conferences, the issue of the intervenors failing to appear for properly noticed depositions, as well as the inability of counsel to contact the intervenors, was repeatedly discussed. Counsel for these intervenors were instructed at several of these conferences that any intervenor, who could not be contacted or failed to appear, would be dismissed from this action. [Documents 52, 66, 72, 78, & 80].

her deposition taken before the pretrial conference on March 9, 2006 will be dismissed from this matter."

Following this Order, Scottsdale asserts that it asked opposing counsel to provide dates when the Intervenors were available for depositions. Only one Intervenor responded, and her deposition was taken on March 13, 2006 by agreement of the parties. The remaining Intervenors did not respond to Scottsdale's request for deposition dates, and did not appear for deposition before the March 9th deadline. Scottsdale, however, never re-noticed the depositions. On March 8, 2006, the Intervenors filed a Motion for Clarification of Court Ordered Deadline [Doc. 73].[2] This Motion requested that the Court order Scottsdale to re-notice several of the intervenors for deposition, or alternatively, allow the depositions to be taken past the March 9, 2006 deadline. Additionally, in this motion, the intervenors claim that Scottsdale never re-noticed these depositions, nor did it attempt to schedule any depositions.

On March 19, 2006, this Court ordered Scottsdale to submit a list of the Intervenors who had failed to appear or could not be contacted [Doc. 80]. Scottsdale submitted the list and also filed a Motion to Dismiss the claims of those Intervenors [Doc. 82]. On April 10, 2006, the Court issued an Order dismissing the claims of Kathleen Bertram, Leslie Moran, Tiffinie Hancock, Michelle Perronne, Angela Robinson, and Linda Bradley. Intervenors, Bertram and Robinson, have filed this Motion for a New Trial.

## II. LAW AND ANALYSIS

### A. Dismissal for Failure to Participate in Discovery

---

[2] The Court inadvertently failed to rule of this motion before the March 9, 2006 deadline and instead, dismissed several intervenors

3

Federal Rules of Civil Procedure 37 and 41 govern dismissals for failure to participate in discovery. Rule 37 provides that if a party fails to obey an order to provide or permit discovery, the court in which the action is pending may make such orders in regard to the failure as are just, including, in pertinent part an order "dismissing the action or proceeding or any part thereof." Rule 41 provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Such a dismissal operates as an adjudication upon the merits.

Jurisprudence has provided guidance on when dismissal under these rules is appropriate. Dismissal is authorized only when the failure to comply with the court's order results from willfulness or bad faith, and not from an inability to comply. Bluitt v. ARCO Chemical Co., 777 F.2d 188, 190 (5th Cir. 1985), *citing* National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 640 (1976). Dismissal under these rules may also be inappropriate when neglect is plainly attributable to an attorney rather than to a blameless client or when the failure is based on a misunderstanding of the court's orders. Id., citing Marshall v. Segona, 621 F.2d 763, 768 (5th Cir.1980), Silas v. Sears, Roebuck & Co., 586 F.2d 382, 385 (5th Cir.1978). The court should consider, however, whether the other party's preparation for trial was substantially prejudiced by the failure to participate. Id.

In this case, both Ms. Bertram and Ms. Robinson willfully failed to attend their depositions. Although they did not receive notice of the first depositions, they both were aware of the re-noticed second depositions, and both chose not to attend. That Ms. Bertram's failure was on the advice of her counsel does not negate the willfulness of her decision. Moreover, Scottsdale was prejudiced by these non-attendances, because it disclosed its trial strategy by submitting its

4

pre-trial brief in accordance with this Court's deadline; if Ms. Bertram and Ms. Robinson were subsequently to be deposed, they would have the advantage of having seen Scottsdale's trial strategy before those depositions.

Ms. Bertram and Ms. Robinson argue that they did not have proper notice of their depositions, as required by Federal Rule of Civil Procedure 37(d)(1). This argument fails, however, because the notice sent for each deposition complied with Rule 30(b)(1), which requires "reasonable notice in writing to every other party to the action." Such a notice must be served on the opposing parties under Rule 5, which provides that service "on a party represented by an attorney is made on the attorney unless the court orders service on the party." Thus, Scottsdale was required only to send a copy of the deposition notice to the Intervenors' attorneys. Scottsdale complied with this requirement, and actually noticed two depositions for both Ms. Bertram and Ms. Robinson. It also sent copies to their last known residences and attempted to reach them by phone. Thus, both Ms. Robinson and Ms. Bertram were properly given notice of the depositions.

Additionally, Scottsdale did not prevent the Intervenors from appearing at their depositions. The Intervenors claim that Scottsdale secured the dismissal by having its attorneys engage in improper communications with the Intervenors' Mississippi attorney. However, the meeting between Scottsdale's counsel and the Intervenors' Mississippi counsel appears to have been a routine conference among the lawyers, and not "highly questionable conduct [which] creates an aura of impropriety," as the Intervenors claim. Indeed, the discussion the Intervenors complain of seems to have been based on a dispute between Intervenors' Mississippi counsel and their Louisiana counsel. That conference was not the cause the failure of any of the Intervenors

5

to attend their depositions.

Moreover, the letters exchanged between the parties' attorneys after the order imposing the March 9, 2006 deposition deadline, demonstrate Scottsdale's willingness to compromise regarding deposition dates. Following that order, Scottsdale asked counsel for the Intervenors to provide dates when the Intervenors would be available for depositions. Only one Intervenor, Ms. Deborah Barry, responded to Scottsdale's request, and Scottsdale agreed to depose her four days after the March 9 deadline. Neither Ms. Bertram nor Ms. Robinson provided Scottsdale dates of availability, and instead filed a Motion for Clarification [Doc. 73]. That Motion, filed just one day before the March 9, 2006 deadline, requested this Court to require Scottsdale to re-notice their depositions. Scottsdale was not required to re-notice the depositions; the Intervenors were required to participate in discovery by setting a date for their depositions and attending their depositions. Ms. Bertram and Ms. Robinson, and the other dismissed Intervenors, did not even attempt to comply with the order. The fact that Scottsdale did not re-notice the depositions was not fatal to its Motion to Dismiss because Scottsdale asked opposing counsel to provide dates to take the intervenors' depositions. Therefore, because Scottsdale properly noticed and re-noticed Bertram and Robinson for deposition and again attempted to set dates for the depositions of these parties after the February 23, 2006 order, the Court finds that these Intervenors repeatedly failed to participate in discovery and thus, they were properly dismissed from this action.

### B. Motion for a New Trial

The Intervenors' Motion for a New Trial seems to be merely a belated attempt to respond to Scottsdale's Motion to Dismiss. Indeed, they did not oppose that motion, and instead now seek to raise issues and arguments that should have been raised in an opposition and present evidence

6

and law that were readily available at the time that this Court granted the motion.

Because there has not yet been a trial in this case, a Motion for a New Trial under Federal Rule of Civil Procedure 59 is not procedurally appropriate. That rule provides for a new trial 1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. These situations require either a "trial by jury" or "an action tried without a jury;" there has been no such trial in this case. *See* Flynn v. Terrebonne Parish School Board, 348 F. Supp.2d 769, 770 (E.D. La. 2004), citing Patin v. Allied Signal, Inc., 77 F.3d 782, 785, n. 1 (5th Cir.1996).

The motion can be construed instead as a motion to alter or amend the judgment, under subsection (e) of this Rule. Id. The court has considerable discretion to grant or deny a motion under Rule 59(e). Flynn, 348 F. Supp.2d at 771., citing Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir.1993); Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir.1990), *abrogated on other grounds by* Little v. Liquid Air Corp., 37 F.3d 1069, 1075 n. 14 (5th Cir.1994) (en banc). Moreover, such a reconsideration is an extraordinary remedy which should be used only sparingly. Id., citing Fields v. Pool Offshore, 97-3170, 1998 WL 43217 at *2 (E.D. La. Feb. 3, 1998), aff'd,182 F.3d 353 (5th Cir.1999); Bardwell v. George G. Sharp, Inc., 93-3590, 1995 WL 517120, at *1 (E.D.La. Aug. 30, 1995).

To prevail on a Rule 59(e) motion, a moving party must demonstrate at least one of the following: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in

7

order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law. Id., citing Fidelity & Deposit Co. v. Omni Bank, 99-1167, 1999 WL 970526, *3 (E.D. La. Oct. 21, 1999); Jupiter v. BellSouth Telecomms., Inc., 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999); Burma Navigation Corp. v. Seahorse, 94-0795, 1998 WL 781587, at *1 (E.D. La. Nov. 3, 1998); Fields, 1998 WL 43217, at *2.

In this case, there has been no error of fact or law, the evidence presented was available at the time of the Motion to Dismiss, the dismissal was not manifestly unjust, and there has been no change in the controlling law. If the Intervenors were opposed to their dismissal, the appropriate time to argue against it was when the motion was before this Court. They have failed to meet the high burden of convincing this Court to change its order dismissing them from the case.

Accordingly,

**IT IS ORDERED** that the Motion for a New Trial [Doc.96] by the Plaintiffs in Intervention is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the Motion for Clarification of Court Ordered Deadline, or Alternatively, to Extend the Deadline for the Taking of the Depositions of Intervenors [Doc. 73] is also hereby **DENIED.**

New Orleans, Louisiana, this 31st day of August, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE