FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 SEP -7  PM 5: 12

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SCOTTSDALE INSURANCE CO., | CIVIL ACTION |
| VERSUS | NO. 04-1053 |
| EDUCATION MANAGEMENT, INC., d/b/a BLUE CLIFF SCHOOL OF THERAPEUTIC MASSAGE | SECTION "C" (3) |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment (Doc. 95) filed on behalf of Education Management Inc., d/b/a Blue Cliff School of Therapeutic Massage ("Blue Cliff"). The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

## I. BACKGROUND

This case arises from classes sponsored by Blue Cliff and administered by Mr. Richard Berry in the "Re-birthing" technique. Several participants from these classes filed suit against Blue Cliff in Mississippi state court on December 27, 2002 claiming damages as a result of the injurious effects of the "Re-birthing" technique. Scottsdale Insurance Company ("Scottsdale") provided Commercial General Liability insurance to Blue Cliff under Policy No. CLS705445 for

1

the period commencing August 26, 2000 and ending on August 26, 2001. The Declarations sheet of the policy states that it is a renewal of Policy No. CLS626016.

On April 14, 2004 Scottsdale filed a Complaint for Declaratory Relief (Doc. 1) with this Court seeking judgment as to the existence and scope of its indemnity and defense obligations, to Blue Cliff, its insured, if any existed in connection with the underlying action. The complaint specifically requested a judgment declaring that there was no coverage with respect to the underlying action, or in the alternative, that coverage is only available under the Sexual and/or Physical Abuse Liability coverage part and Scottsdale's indemnity obligation is thereby limited.

Subsequently, Kathleen Bertram, Jason Bertram, Deborah Leslie, Mark Leslie, Cathy Miller, Carl Miller, Tiffinie Hancock, JoAnne Swarthout, Kenneth Swarthout, Michelle Perronne, Shawn Perronne, Geraldine Rowe, Walter R. Rowe, Angela Robinson, Leslie (Louise) Moran, Linda Bradley, Geraldine Perronne, and Debbie Berry filed a motion to intervene (Doc. 8). They requested to be allowed to intervene in order to obtain medical payments coverage for injuries sustained while on the premises of Blue Cliff's school and at the hands of Blue Cliff and it's employees under a policy provided by Scottsdale to Blue Cliff. The claims of Kathleen Bertram, Leslie Moran, Tiffinie Hancock, Michelle Perronne, Angela Robinson, and Linda Bradley were dismissed with prejudice as a result of their failure to prosecute their claims and failing to appear at properly noticed depositions (Doc. 94).

In the present motion, Scottsdale urges that it is entitled to judgment as a matter of law that the insurance policy it provided Blue Cliff does not provide any coverage for the claims of Deborah Berry, Shawn Perronne, Geraldine Perronne, JoAnn Swarthout, Kenneth Swarthout, Patti Regan, Wallace Austin, Geraldine Rowe, Cathy Miller, and Carl Miller (collectively "the Mississippi plaintiffs"). The opposition filed on behalf of JoAnn Swarthout, Patti Regan, Geraldine Rowe, Wallace Austin, Cathy Miller, Deborah Berry and Geraldine Perronne divides the Mississippi plaintiffs into two groups to address the specific claims of each group. Group I consists of JoAnn Swarthout, Patti Regan, Geraldine Rowe and Wallace Austin. This group attended Blue Cliff's "Re-birthing" classes in Gulfport, Mississippi from November of 1999 through June or July of 2000. Group II consists of Cathy Miller, Deborah Berry and Geraldine Perronne. This group underwent Blue Cliff's "Re-birthing" classes in New Orleans, Louisiana on February 17, 1996.

Both groups of the Mississippi plaintiffs allege that, following the directive of the Blue Cliff instructor, they either practiced the "Re-birthing" techniques or attempted to deal with unlocked hidden emotions, trauma and memories through the periods of August 26, 1999 to August 26, 2001. They contend that the injuries from these classes did not manifest as damage until the injurious effects of the technique were discovered by the individuals. They state that they discovered the damage after the school authorities had fired Mr. Berry because the school

3

became aware of the injurious effects of the "Re-birthing" technique and the self-management of hidden memories.

## III. LAW AND ANALYSIS OF THE COURT

### A. Summary Judgment

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. Stults v. Conoco, Inc., 76 F.3d 651, 655-56 (5th Cir. 1996) (citing Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912-13 (5th Cir.) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial*." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis

4

supplied); Tubacex, Inc. v. M/V RISAN, 45 F.3d 951, 954 (5th Cir. 1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." Matsushita Elec. Indus. Co., 475 U.S. at 588. Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## B. Analysis of the Court

Scottsdale argues that any policy it issued to Blue Cliff did not cover the Mississippi plaintiffs' claims because those injuries occurred before Scottsdale's policy was in effect. They contend that the policy they issued to Blue Cliff only covers injuries caused by acts committed during the policy period of August 26, 2000 to August 26, 2001. Scottsdale admits that it provided coverage to Blue Cliff for the policy period August 26, 1999 to August 26, 2000, but that particular policy is not at issue in this declaratory judgment action.[1] Because none of the Mississippi plaintiffs were injured in classes taken during August 26, 2000 to August 26, 2001, Scottsdale argues that they do not cover these plaintiff's claims under Mississippi law.[2] Scottsdale also argues that Louisiana law also exempts coverage for accidents outside the policy

---

[1] Scottsdale's Memorandum, at page 4, footnote 20.

[2] Titan Indemnity Company v. Williams, 743 So.2d 1020, 1024 (Ms.App. 1999).

period.[3]

In opposition, the Mississippi plaintiffs collectively disagree with Scottsdale's interpretation of their policy, specifically the interpretation of "occurrence" and the length of the policy period. They argue that Louisiana law applies to interpretation of the insurance coverage and that under Louisiana law there has been an "occurrence" to trigger coverage. They point to Louisiana's use of the "manifestation" rule to interpret when coverage is triggered.[4] Pursuant to the manifestation rule, in cases where injuries occur over time and damage is later discovered during the existence of the policy period, the discovery or manifestation of the damages triggers the coverage. Furthermore, the Mississippi plaintiffs argue that Scottsdale had in effect an insurance policy issued to Blue Cliff for the period of August 26, 1999 and renewed through August 26, 2001. They argue that as a renewal, the policy carried the same coverage as the original policy and therefore covers those occurrences occurring during the period of August 26, 1999 through August 26, 2000.[5]

The Mississippi plaintiffs argue that Group I's injuries are covered by Scottsdale's policy

---

[3]Oceanonics, Inc. v. Petroleum Distributing Company, 280 So.2d 874 (La.App. 3 Cir. 1973).

[4]James Pest Control, Inc. v. Scottsdale Insurance Company, 765 So.2d 485 (La.App. 5th Cir. 2000) *writ denied*, 722 So.2d 657 (La. 2000).

[5]Maryland Casualty v. Kramel, 80 So.2d 897, 900 (2d La.App. 1955).

6

to Blue Cliff because Group I's injuries occurred within the period of August 26, 1999 through August 26, 2001 and manifested within the period of August 26, 2000 to August 26, 2001. Accordingly, they argue that under either definition of "occurrence" Group I's claims are covered because the policy extended from August 26, 1999 through the renewal policy. They argue that Group II's claims are covered under Louisiana law because Group II's injuries manifested during the policy period of August 26, 2000 to August 26, 2001.

A genuine issue exists as to whether the policy extending from August 26, 2000 to August 26, 2001 was a renewal that carried over preexisting coverage to Blue Cliff. Although Scottsdale states that the original policy is not subject to this declaratory action, if the policy covering the period from August 26, 2000 to August 26, 2001 was a renewal of a policy covering occurrences arising during August 26, 1999 through August 26, 2000, then Group I's claims may be covered. In addition, a genuine issue exists as to when the coverage is triggered. According to the manifestation rule, all of the Mississippi plaintiffs may be able to claim coverage because they allege that they discovered or their injuries manifested within the policy period of August 26, 2000 to August 26, 2001. For these reasons, Blue Cliff may be entitled to coverage for the Mississippi plaintiffs' claims under the policy and Scottsdale is not entitled to Summary Judgment regarding trigger.

IT IS ORDERED that the Motion for Summary Judgment filed on behalf of the Plaintiff be and the same is hereby **DENIED**.

New Orleans, Louisiana, this 6 day of Sept, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE