**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 SEP 27 PM 2: 51

LORETTA G. WHYTE
CLERK

SCOTTSDALE INSURANCE
COMPANY

CIVIL ACTION

VERSUS

NO. 04-1053

EDUCATION MANAGEMENT, INC.
d/b/a BLUE CLIFF SCHOOL OF
THERAPEUTIC MASSAGE

SECTION C

<u>ORDER AND REASONS</u>

Before the Court is the plaintiff's Motions for Summary Judgment regarding mental abuse.

For the reasons that follow, the motion is DENIED.

**I.      BACKGROUND**

This case arises from classes sponsored by Blue Cliff and administered by Mr. Richard

Berry in the "Re-birthing" technique.  Several participants from these classes filed suit against

Blue Cliff in Mississippi state court on December 27, 2002 claiming damages as a result of the

injurious effects of the "Re-birthing" technique.  Scottsdale Insurance Company ("Scottsdale")

provided Commercial General Liability insurance to Blue Cliff under Policy No. CLS705445 for

the period commencing August 26, 2000 and ending on August 26, 2001.

On April 14, 2004, Scottsdale filed a Complaint for Declaratory Relief (Doc. 1) with this

Court seeking judgment as to the existence and scope of its indemnity and defense obligations, to

Blue Cliff and/or its insured, if any existed in connection with the underlying action.  The

1

Fee_____
Process_____
X  Dktd _____
CtRmDep_____
Doc. No_____

complaint specifically requested a judgment declaring that there was no coverage with respect to the underlying action, or in the alternative, that coverage is only available under the Sexual and/or Physical Abuse Liability coverage part and Scottsdale's indemnity obligation is thereby limited.

Subsequently, Kathleen Bertram, Jason Bertram, Deborah Leslie, Mark Leslie, Cathy Miller, Carl Miller, Tiffinie Hancock, JoAnne Swarthout, Kenneth Swarthout, Michelle Perronne, Shawn Perronne, Geraldine Rowe, Walter R. Rowe, Angela Robinson, Leslie (Louise) Moran, Linda Bradley, Geraldine Perronne, and Debbie Berry filed a motion to intervene (Doc. 8). They requested to be allowed to intervene in order to obtain medical payments coverage for injuries sustained while on the premises of Blue Cliff's school and at the hands of Blue Cliff and it's employees under a policy provided by Scottsdale to Blue Cliff. Subsequently, the claims of Kathleen Bertram, Leslie Moran, Tiffinie Hancock, Michelle Perronne, Angela Robinson, and Linda Bradley were dismissed with prejudice as a result of their failure to prosecute their claims and failure to appear at properly noticed depositions (Doc. 94). The claims of Cathy Miller, Carl Miller, Michelle Perrone, Shawn Perrone, Geraldine Rowe, Walter Rowe, JoAnne Swarthout, Kenneth Swarthout, and Debbie Berry were terminated because these Intervenors or their spouses attended the Re-Birthing workshops before the beginning of the policy period, August 26, 2000, and were therefore not covered under the policy. The only remaining Intervenor who participated in the workshop during the policy period is Deborah Leslie.

The motion for summary judgment now before this Court alleges that the policy in question, Policy No. CLS705445 provides no coverage for the claims of the plaintiffs in intervention because such claims arise out of mental abuse by Richard Berry, an employee of

Education Management.  Scottsdale argues that the policy in question includes a Sexual and/or

Physical Abuse Exclusion which specifically excludes mental abuse from coverage under the

Commercial General Liability Coverage Part and from the Professional Liability Coverage Part.

In addition, Scottsdale argues that while a Sexual and/or Physical Abuse Liability Coverage

Form is included in the Policy, such coverage would only be triggered if one of the plaintiffs in

intervention were alleging sexual and/or physical abuse to their person.  Education Management

and the Intervenors claim that the Sexual and/or Physical Abuse Exclusion is not authenticated

and is void of endorsement number, date and signature by an authorized person.  They claim that

this unauthenticated policy exclusion should not supercede the general liability coverage of the

policy in question.  Further, they argue that even if the exclusion were to apply, the Sexual and/or

Physical Abuse Liability Coverage should apply because in their depositions, all of the

Intervenors "described the physical exercises they were taught, which in turn, manifested

psychological reactions during the course of the re-birthing classes."[1]


## II.      LAW AND ANALYSIS OF THE COURT

### A.      Motions For Summary Judgment

The Federal Rules of Civil Procedure provide that summary judgment should be granted

only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The party

---

[1]Education Management's Memorandum in Opposition to Scottsdale's Motion for Summary Judgment Regarding Mental Abuse, p. 3.

moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. Stults v. Conoco, Inc., 76 F.3d 651, 655-56 (5th Cir. 1996) (citing Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912-13 (5th Cir.) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  The nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial*." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis supplied); Tubacex, Inc. v. M/V RISAN, 45 F.3d 951, 954 (5th Cir. 1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." Matsushita Elec. Indus. Co., 475 U.S. at 588.  Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

**B.      Policy Interpretation**

The insured bears the burden of proving that the incident giving rise to the claim falls within policy's terms, but the insurer bears burden of proving applicability of any exclusionary clause within the policy.  Coleman v. School Bd. of Richland Parish, 418 F.3d 511, 517 (5th Cir. 2005).  Exclusionary provisions must be read together with the entire policy, and are construed strictly against the insurer and in favor of coverage. See Garcia v. Saint Bernard Parish Sch. Bd., 576 So.2d 975, 976 (La.1991); Vallier v. Oilfield Constr. Co., 483 So.2d 212, 215

(La.Ct.App.1986).   Any ambiguities within an exclusionary provision or the policy as a whole must be construed against the insurer and in favor of coverage.  La. Civ.Code Ann. art. 2056 (West 1987).  The "reasonable expectations doctrine" requires that a court construe an ambiguous insurance policy "to fulfill the reasonable expectations of the parties in the light of the customs and usages of the industry."  La. Ins. Guar. Ass'n, 630 So.2d at 764 (quoting Trinity Indus., Inc. v. Ins. Co. of N. Am., 916 F.2d 267, 269 (5th Cir.1990)).   When the "language of an insurance policy is clear, courts lack the authority to change or alter its terms under the guise of interpretation."  Id. at 764.

## C. Analysis

As an initial matter for the Court to consider, Education Management and the Intervenors argue that the Sexual and/or Physical Abuse Exclusion is void because it lacks any endorsement number, date and/or signature by an authorized person.  Because of this alleged lack of authenticity, they argue that this exclusion should not be used to supercede the general liability coverage of the policy.  However, Education Management admitted in their Answer and Counterclaim that the attached copies of the policy were the true and correct copies of the policy. The Answer and Counterclaim states that the Policy includes Commercial General Liability Coverage, Professional Liability Coverage, and Sexual and/or Physical Abuse Liability and that a "true and correct copy of the insurance Policy [was] attached to Scottsdale Insurance's Complaint for Declaratory Judgment..."[2]  The Petition for Intervention also specifically mentions the policy and has attached to it the same copy of the policy as is in dispute here.[3]  Given this evidence, this

---

[2] Education Management Counterclaim, Doc. 3, Part IV.

[3] Petition for Intervention, Doc. 8, Exhibit B.

5

Court concludes that Education Management and Intervenors have admitted that the policy and attached exclusions at issue are a true, accurate and authentic and cannot now contest its authenticity.

In concluding that the Sexual and/or Physical Abuse Exclusion is part of the true, accurate and authentic policy, the Court now turns to whether mental abuse was excluded by the policy and/or its endorsements.  The Sexual and/or Physical Abuse Exclusion states that the endorsement modifies the insurance provided by the Commercial General Liability Coverage Part and the Professional Liability Coverage Part.  The Exclusion states that "Sexual and/or Physical abuse means sexual or physical injury or abuse, including but not limited to assault and battery, negligent or deliberate touching, corporal punishment and mental abuse."[4]  Scottsdale argues that all mental abuse qualifies under this exclusion, whether or not it results from sexual or physical abuse, and therefore the Intervenors claims are precluded.   However, the Court finds that this exclusion can also be read to mean that mental abuse *flowing from sexual or physical abuse* is excluded.  In this case, Scottsdale, Education Management and Deborah Leslie, the only remaining Intervenor, agree that there was no physical or sexual abuse.

At best, this exclusion is ambiguous in its intent to modify the Commercial General Liability Coverage and the Beauty Parlor/Barber Shop Professional Liability Insurance.  As previously noted, exclusionary provisions must be read together with the entire policy, and are construed strictly against the insurer and in favor of coverage.  See Garcia v. Saint Bernard Parish Sch. Bd., 576 So.2d 975, 976 (La.1991).  Any ambiguities within an exclusionary provision or the policy as a whole must be construed against the insurer and in favor of coverage.  La.

---

[4] Scottsdale Policy No. CLS705445, Sexual and/or Physical Abuse Exclusion.

Civ.Code Ann. art. 2056 (West 1987).  Because there are ambiguities in the Sexual and/or

Physical Abuse Exclusion in that there is more than one reasonable interpretation as to whether

all mental abuse is excluded or only such mental abuse flowing from sexual or physical abuse,

the exclusion must be read against Scottsdale and in favor of Education Management.

      Next the Court must consider whether mental abuse is covered by the Sexual and/or

Physical Abuse Liability Coverage Form.  This endorsement adds limited coverage to the policy

by providing coverage for "Sexual and/or Physical Abuse," but is subject to $25,000 per claim

limit as well as a $50,000 aggregate limit.  This endorsement provides coverage for  damages

"because of injury to any person arising out of SEXUAL AND/OR PHYSICAL ABUSE, caused

by one of [Education Management Inc.'s] EMPLOYEES, or arising out of [Education

Managment's] failure to properly supervise."[5]  The endorsement defines  "Sexual and/or Physical

Abuse" as "sexual or physical injury or abuse, including assault and battery, negligent or

deliberate touching."[6]  Therefore, under the endorsement, there must be some claim for injury

that arises out of either sexual abuse or physical abuse.  In her deposition taken January 25, 2006,

Deborah Leslie stated that she was neither physically abused nor sexually abused.[7]  Under the

plain and unambiguous wording of the endorsement, any coverage under the endorsement must

be for damages arising out of sexual and or physical abuse.  Given that there are no allegations

that any employee of Education Management either physically or sexually abused Deborah

Leslie, there is no coverage under the Sexual and/or Physical Abuse Liability Coverage Form.

---

[5] Sexual and/or Physical Abuse Liability Coverage Form, Part I.

[6] Id. at Part VI.

[7] Doc. 112-8, Page 96, Lines 4-25.

7

Because the Sexual and/or Physical Abuse Exclusion ambiguity is resolved in favor of the insured, and therefore will not be used to preclude coverage, and because the Sexual and/or Physical Abuse Liability Coverage Form is not applicable as there has been no physical or sexual abuse, there is a genuine issue of material fact as to whether the Commercial General Liability Coverage Form or the Beauty Parlor/Barber Shop Professional Liability Insurance cover the mental abuse that the remaining Intervenor, Deborah Berry, allegedly suffered.

Accordingly, the plaintiff's motion for summary judgment is denied.


New Orleans, Louisiana, September 27, 2006.



HELEN G. BERRIGAN

UNITED STATES DISTRICT JUDGE

8