

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 04-1053 |
| EDUCATION MANAGEMENT, INC.<br>d/b/a BLUE CLIFF SCHOOL OF<br>THERAPEUTIC MASSAGE | SECTION "C" |

## ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment Regarding Bad Faith Claims. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**I.   Background**

This case arises from classes sponsored by Blue Cliff and administered by Mr. Richard Berry in the "Re-birthing" technique. Several participants from these classes filed suit against Blue Cliff in Mississippi state court on December 27, 2002 claiming damages as a result of the injurious effects of the "Re-birthing" technique. Scottsdale Insurance Company ("Scottsdale") provided Commercial General Liability insurance to Blue Cliff under Policy No. CLS705445 for the period commencing August 26, 2000 and ending on August 26, 2001.

On April 14, 2004, Scottsdale filed a Complaint for Declaratory Relief (Doc. 1) with this Court seeking judgment as to the existence and scope of its indemnity and defense obligations, to Blue Cliff and/or its insured, if any existed in connection with the underlying action. The complaint specifically requested a judgment declaring that there was no coverage with respect to



the underlying action, or in the alternative, that coverage is only available under the Sexual and/or Physical Abuse Liability coverage part and Scottsdale's indemnity obligation is thereby limited.

Subsequently, Kathleen Bertram, Jason Bertram, Deborah Leslie, Mark Leslie, Cathy Miller, Carl Miller, Tiffinie Hancock, JoAnne Swarthout, Kenneth Swarthout, Michelle Perronne, Shawn Perronne, Geraldine Rowe, Walter R. Rowe, Angela Robinson, Leslie (Louise) Moran, Linda Bradley, Geraldine Perronne, and Debbie Berry filed a motion to intervene (Doc. 8). They requested to be allowed to intervene in order to obtain medical payments coverage for injuries sustained while on the premises of Blue Cliff's school and at the hands of Blue Cliff and it's employees under a policy provided by Scottsdale to Blue Cliff. Subsequently, the claims of Kathleen Bertram, Leslie Moran, Tiffinie Hancock, Michelle Perronne, Angela Robinson, and Linda Bradley were dismissed with prejudice as a result of their failure to prosecute their claims and failure to appear at properly noticed depositions (Doc. 94). The claims of Cathy Miller, Carl Miller, Michelle Perrone, Shawn Perrone, Geraldine Rowe, Walter Rowe, JoAnne Swarthout, Kenneth Swarthout, and Debbie Berry were terminated because these Intervenors or their spouses attended the Re-Birthing workshops before the beginning of the policy period, August 26, 2000, and were therefore not covered under the policy. The only remaining Intervenor who participated in the workshop during the policy period is Deborah Leslie.

The Petition for Intervention alleges that Scottsdale has engaged in a bad faith refusal to provide coverage for the Intervenors' claims and is therefore liable for punitive damages and penalties. Scottsdale claims that it has never denied coverage for the Intervenors' claims and has merely reserved its rights to deny coverage. Scottsdale emphasizes that they provided the insured, Education Management, Inc., with a defense in the original claim against Education

Management filed in Mississippi state court. While that state court action was pending, Scottsdale filed this Declaratory Judgment action to resolve the issues of coverage. The issue presented in this motion is whether Scottsdale can be held liable for bad faith, including penalties, punitive damages and attorneys fees.

## II.     Choice of Law

Before reaching the underlying issue of bad faith, Scottsdale argues that the substantive law of Mississippi should apply, because this is the "situs of the events shaping this dispute and the public policy of which will be most seriously affected by the Court's ruling...." In their opposition to this motion, Education Management and the Intervenors argue that Louisiana substantive law should apply in this case because Scottsdale delivered their Commercial General Liability Policy in this state, and Education Management is a Louisiana Corporation. Education Management and Intervenors also argue that Scottsdale chose Louisiana as the forum for litigating their Declaratory Judgment. Finally, they mention that several of the Intervenors attended the re-birthing workshop in Louisiana.

### A.     Mississippi Law

Under Mississippi law, the "insurer [is] entitled to have a court resolve the undecided question of law to determine its liability without being punished for referring the question to a court. For requiring the resolution of the legal issue it cannot be liable under Mississippi law for punitive damages, even if it does not prevail on the underlying legal issue." Dunn v. State Farm Fire & Cas. Co., 927 F.2d 869, 874 (5th Cir. 1991) (citing Gulf Guaranty Life Ins. Co. v. Kelley, 389 So.2d 920, 923 (Miss.1980); Gorman v. Southeastern Fidelity Ins. Co., 775 F.2d 655, 659 (5th Cir.1985); Michael v. National Sec. Fire & Casualty Co., 458 F.Supp. 128, 131 (N.D.Miss.1978).

**B.     Louisiana Law**

Under Louisiana law, an insurer has a duty of good faith and fair dealing toward its insured, including the duty to adjust claims fairly and promptly. Louisiana Revised Statute 22:1220(A) provides, in pertinent part, as follows:

> A. An insurer owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach. La. R.S. 22:1220(A).

The same statute also provides:

> B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
> (5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is <u>arbitrary, capricious, or without probable cause</u>. La. R.S. 22:1220(B)5 (emphasis added).

However, Louisiana "jurisprudence has recognized the right of insurance companies to litigate questionable claims without being subjected to damages and penalties." <u>Delahoussaye v. Madere</u>, 733 So.2d 679, 689 (5th Cir. 1999)(citing <u>Darby v. Safeco Insurance Company of America</u>, 545 So.2d 1022 )(holding that the court of appeal properly reversed the jury's award of attorney fees based on its finding that the insurer had acted unreasonably or without probable cause in refusing to tender medical payments and UM coverage because the insurer had legitimate doubts about the validity of its coverage of the insured.) In <u>Delahoussaye</u>, despite the fact that the court disagreed with the insurer's position, it found that the "litigation of this claim was not arbitrary and capricious." <u>Id</u>. Therefore, the court declined to award penalties and attorney's fees.

The Louisiana First Circuit Court of Appeals has described the duty of good faith as follows:

> The phrase "arbitrary, capricious, or without probable cause" is synonymous with "vexatious." Both describe an insurer whose willful refusal of a claim is not based on a good faith defense. Bad faith has been described to mean more than mere bad judgment or negligence; it implies a dishonest purpose or evil intent. Arbitrary action is a willful and unreasoning action, without consideration for the facts and circumstances presented, or acting with unfounded motivation. An insurer's action in handling a claim is arbitrary and capricious when its willful refusal of a claim is not based on a good faith defense or is unreasonable or without probable cause. Combetta v. Ordoyne, 934 So.2d 836 (La. Ct. App. 2006).

### III. Bad Faith

This Court concludes that both Louisiana and Mississippi law allow an insurer to litigate questionable claims without being subjected to damages and penalties. Therefore, given the facts of this case, the analysis under either state's laws would be the same. Any nuances between the laws of these two states would be inconsequential to the outcome.

In their Petition for Intervention, the Intervenors claim that "Scottsdale Insurance Company as [sic] engaged in a 'bad faith' refusal to provide the requested medical payments coverage to Intervenors, and, as such, are subject to punitive damages and/or penalties." Scottsdale asserts that it had every right to file this declaratory action to determine coverage and that it never denied coverage to Education Management, as evidenced by the fact that they provided a legal defense to Education Management in the underlying suit filed in Mississippi state court. Education Management challenges this assertion, claiming that Scottsdale "uncategorically informed EMI that it took the position that no coverage was provided under the Commercial General Liability Insurance parts of the policy." The letter that Education Management cites in making this allegation claims to be an October 9, 2003 letter sent to Education Management by Scottsdale stating "Scottsdale maintains its position of non-coverage with respect to the Commercial General Liability and Beauty Parlor/Barbershop Professional Liability Insurance Coverage Parts relative to policy No. CLS705445." However, the letter that

is actually attached to the opposition memo as an exhibit is one written on July 8, 2002 by Scottsdale Senior Claim Representative Kym Owens. In that letter, Ms. Owens states,

> I have assigned this matter to Attorney Bill McDonough, who will provide a limited defense in this matter....We are presently reviewing the professional liability coverage of your policy to determine whether Rebirthing is a professional service as defined by the [policy]....Scottsdale Insurance Company is providing this defense under a full reservation of rights....we do not concede that the policy covers Rebirthing Process for any liability as alleged in the claims.

This letter indicates that Scottsdale was willing to provide coverage, subject to reserving its rights to ultimately deny coverage. Scottsdale was not "arbitrary and capricious" in filing for a Declaratory Judgment and its reservation of rights was not unreasonable or without probable cause. Ultimately, Scottsdale prevailed in persuading the Court to dismiss all but one Intervenor. Clearly, Scottsdale did not act with "unfounded motivation" in seeking to clarify its coverage obligations. Therefore, a claim for bad faith based on this argument should fail.

Education Management also lists 8 different instances and arguments in their Opposition to the Motion meant to demonstrate Scottsdale's bad faith, in violation of LA RS 22:1220. The Intervenors also claim that Scottsdale ignored claims by the Intervenors for medical payments due because of their injuries, despite the fact that the Intervenors "are clearly third party beneficiaries of the Medical Payments policy provisions." The majority of these allegations listed as the actions Scottsdale has engaged in that continue to trigger the bad faith provisions of LA RS 22:1220 were not brought up in the counterclaim or the intervention, and are being brought up for the first time now. The deadline for amending the pleadings has long passed, and any new allegations are untimely. Even if the Court were to consider these new allegations, Scottsdale would still be entitled to summary judgment on this issue. The standard for sanctions in Louisiana is "arbitrary and capricious" and is appropriate only when the "willful refusal of a

claim is not based on a good faith defense or is unreasonable or without probable cause." Combetta v. Ordoyne, 934 So.2d 836 (La. Ct. App. 2006). In this case, there has been no such conduct on the part of Scottsdale. Even in the light most favorable to Education Management, applying Louisiana law as Education Management urges, bad faith is not present.

Accordingly,

**IT IS ORDERED** that the Plaintiff's Motion for Partial Summary Judgment Regarding Bad Faith is **GRANTED**.

New Orleans, Louisiana, October 4, 2006.

HELEN G. BERRIGAN

UNITED STATES DISTRICT JUDGE