

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 04-1053 |
| EDUCATION MANAGEMENT, INC. d/b/a BLUE CLIFF SCHOOL OF THERAPEUTIC MASSAGE | SECTION "C" |

### ORDER AND REASONS

Before the Court is a Motion for Summary Judgment that Education Management, Inc. was not "legally obligated to pay" any amount to the Mississippi plaintiffs "as damages" [Rec. Doc. 150]. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

### I.   BACKGROUND

This case arises from classes sponsored by Blue Cliff and administered by Mr. Richard Berry in the "Re-birthing" technique. Several participants from these classes filed suit against Blue Cliff in Mississippi state court on December 27, 2002 claiming damages as a result of the injurious effects of the "Re-birthing" technique. Scottsdale Insurance Company ("Scottsdale") provided Commercial General Liability insurance to Blue Cliff under Policy No. CLS705445 for the period commencing August 26, 2000 and ending on August 26, 2001.

1

On April 14, 2004, Scottsdale filed a Complaint for Declaratory Relief [Rec. Doc. No. 1] with this Court seeking judgment as to the existence and scope of its indemnity and defense obligations, to Blue Cliff and/or its insured, if any existed in connection with the underlying action. The complaint specifically requested a judgment declaring that there was no coverage with respect to the underlying action, or in the alternative, that coverage is only available under the Sexual and/or Physical Abuse Liability coverage part and Scottsdale's indemnity obligation is thereby limited.

Subsequently, Kathleen Bertram, Jason Bertram, Deborah Leslie, Mark Leslie, Cathy Miller, Carl Miller, Tiffinie Hancock, JoAnne Swarthout, Kenneth Swarthout, Michelle Perronne, Shawn Perronne, Geraldine Rowe, Walter R. Rowe, Angela Robinson, Leslie (Louise) Moran, Linda Bradley, Geraldine Perronne, and Debbie Berry filed a motion to intervene [Rec. Doc. No. 8]. They requested to be allowed to intervene in order to obtain medical payments coverage for injuries sustained while on the premises of Blue Cliff's school and at the hands of Blue Cliff and it's employees under a policy provided by Scottsdale to Blue Cliff. Subsequently, the claims of Kathleen Bertram, Leslie Moran, Tiffinie Hancock, Michelle Perronne, Angela Robinson, and Linda Bradley were dismissed with prejudice as a result of their failure to prosecute their claims and failure to appear at properly noticed depositions [Rec. Doc. No. 94]. The claims of Cathy Miller, Carl Miller, Michelle Perrone, Shawn Perrone, Geraldine Rowe, Walter Rowe, JoAnne Swarthout, Kenneth Swarthout, and Debbie Berry were terminated because these Intervenors or their spouses attended the Re-Birthing workshops before the beginning of the policy period, August 26, 2000, and were therefore not covered under the policy. The only remaining Intervenor who participated in the workshop during the policy period

is Deborah Leslie.

On November 7, 2006, Scottsdale filed this motion contending that Education Management, Inc. was never legally obligated to pay any amount to any of the Mississippi plaintiffs because the injuries to those plaintiffs were purely mental, unaccompanied by physical injury. [Rec. Doc. 150]. The insurance policy provided by Scottsdale at issue in this case states that it will pay damages that the insured becomes legally obligated to pay in rendering of or failing to render professional services. Scottsdale claims that under Mississippi law, a plaintiff cannot recover for purely mental damages that are unaccompanied by physical injuries. Therefore, Scottsdale claims that Education Management was never "legally obligated" to pay any damages to those plaintiffs in the Mississippi case who sustained purely mental damages.

## II.     LAW AND ANALYSIS

### A.     Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50

(citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

**B.   Mississippi Tort Law**

The underlying action in this case is a suit by the Mississippi plaintiffs against Education Management, Inc. filed in Mississippi state court for damages sustained while attending a "re-birthing class." Therefore, this Court will look to the substantive tort law of Mississippi to determine whether Education Management was legally obligated to pay the Mississippi plaintiffs any damages for their alleged injuries. Certainly, "the law is well settled that the rights and liability of parties in tort actions are determined by the laws of the state in which the tort is committed..." Mock v. Maryland Cas. Co., 6 So.2d 199, 202 (La. Ct. App. 1942). Similarly well settled is the notion that an insurer should not be liable in any case in which the insured would not himself have been liable. Id. at 201.

Mississippi state law has, to a certain extent, been conflicting as to the level of proof needed in emotional distress cases resulting from simple negligence. On one hand, the Court has followed the view that emotional damages must be accompanied by physical manifestations of

the alleged injury when only simple negligence is alleged. See Mississippi Valley Gas Co. v. Walker, 725 So.2d 139, 149 (Miss.1998); American Bankers' Ins. Co. of Fla. v. Wells, 819 So.2d 1196, 1209 (Miss. 2001). On the other hand, in another line of cases, the Mississippi Supreme Court has indicated an intent to "relax" the standard of proof in emotional distress cases and permit recovery based on simple negligence, even when no such injury is established. See e .g. Southwest Miss. Reg'l Med. Ctr. v. Lawrence, 684 So.2d 1257, 1269 (Miss.1996).

Scottsdale argues that Debra Leslie admitted in her deposition that she was never subject to physical abuse or suffered any physical symptoms, and therefore does not meet the requirement set forth in Mississippi tort jurisprudence that there must a physical manifestation of the injury. Education Management contends that the "combination of the physical circular breathing exercises and the inducements and suggestions of employees of EMI created the damage complained of," [Rec. Doc. No. 160, p. 1]. and that this therefore satisfies the physical component necessary to recovery under Mississippi law. Education Management further contends that the "deposition testimony of Mrs. Leslie...describes the rigors if re-birthing/circular breathing and their testimony details the effects of those physical exercises upon them." Id. at p. 2.

## C.   Analysis

In a motion for summary judgment, the court must read the facts in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Mississippi law does not appear to have clearly defined the level of proof necessary to prove emotional damages in a simple negligence case. However, it is well settled that "[w]here there is no physical injury, recovery for mental anguish can be appropriate under certain circumstances

when the defendant's conduct evokes outrage or revulsion." <u>Gamble v. Dollar General Corp.</u>, 852 So.2d 5, 11 (Miss. 2003), <u>citing</u> <u>Summers ex rel. Dawson v. St. Andrew's Episcopal Sch., Inc.</u>, 759 So.2d 1203, 1211-12 (Miss.2000) . "Where there are claims involving only sleeplessness, mental anguish, and humiliation, compensatory damages can be awarded based 'on the nature of the incident from which the damages flow.'" <u>Id</u>. <u>citing</u> <u>Whitten v. Cox</u>, 799 So.2d 1, 10-11 (Miss. 2000). The Mississippi Supreme Court in <u>Gamble</u> went on to note that, "[i]n cases in which there is evidence of willful, wanton, malicious, outrageous or intentional wrongs, and where mental or emotional stress is a foreseeable result of the conduct of the defendant, a court can assess damages for mental and emotional distress." <u>Id</u>. <u>citing</u> <u>Adams v. U.S. Homecrafters, Inc.</u>, 744 So.2d 736, 743 (Miss.1999) (a claim of mental anguish based on simple negligence did not require evidence of physical manifestation); <u>see also</u> <u>American Bankers' Ins. Co. v. Wells</u>, 819 So.2d 1196, 1208-09 (Miss. 2001); <u>Mississippi Valley Gas Co. v. Estate of Walker</u>, 725 So.2d 139, 148 (Miss.1998); <u>Morrison v. Means</u>, 680 So.2d 803, 806 (Miss. 1996); <u>Sears, Roebuck and Co. v. Devers</u>, 405 So.2d 898, 902 (Miss. 1981); <u>Lyons v. Zale Jewelry Co.</u>, 150 So.2d 154, 158 (Miss. 1963).

In the underlying Mississippi state court suit brought by the Mississippi plaintiffs against Education Management, Paragraph 8 alleges:

> That the defendant, Berry, knowingly presented an unreasonable risk of harm to the Plaintiffs by not possessing the proper professional credentials of an Expert in Psychology or Psychiatry, and by these actions and/or omissions, the defendant acted with callous, gross, willful and wanton indifference and disregard for the safety and needs of the Plaintiff(s), thus subjecting him to punitive damages.

[Rec. Doc. No. 1, p. 12]. The underlying Complaint clearly states that the defendant's conduct was "callous", "gross", "willful", and "wanton." Therefore, the allegations in the underlying suit

comprised more than just a claim of "simple negligence." As stated, under Mississippi law, recovery for mental anguish can be appropriate under certain circumstances where the "defendant's conduct evokes outrage or revulsion." Gamble v. Dollar General Corp., 852 So.2d 5, 11 (Miss. 2003). Therefore, there is a genuine issue of material fact as to whether Education Management would have become "legally obligated to pay" the plaintiffs in the underlying suit. Therefore, summary judgment is inappropriate at this time.

Accordingly, Plaintiff's motion for Summary Judgment is DENIED.

New Orleans, Louisiana, this 23 day of January, 2007.

                                                 **HELEN G. BERRIGAN**
                                     **UNITED STATES DISTRICT JUDGE**