UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 04-1053 |
| EDUCATION MANAGEMENT, INC. d/b/a BLUE CLIFF SCHOOL OF THERAPEUTIC MASSAGE | SECTION "C" (3) |

## ORDER AND REASONS[1]

Before the Court is a Motion to Quash or Modify Subpoena under FED. R. CIV. P. 45(c)(3)(A) filed by the plaintiff, Scottsdale Insurance Company ("Scottsdale"). (Rec. Doc. 182). Defendant Education Management, Inc. d/b/a Blue Cliff School of Therapeutic Massage ("Blue Cliff") and plaintiff in intervention Deborah Leslie ("Leslie") (collectively, "Defendants") oppose the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record, and applicable law, the Court finds that the plaintiff's Motion to Quash or Modify Subpoena is **GRANTED**.

---

[1] Annise K. Maguire, a second year student at Tulane Law School, assisted in the research and preparation of this decision.

**I. BACKGROUND**

On December 27, 2002, Kathleen Bertram and twenty-one additional plaintiffs filed suit in Mississippi State Court against Blue Cliff, claiming various injuries suffered due to a "Rebirthing Workshop" held at the school. Scottsdale provided coverage for Blue Cliff between August 26, 1999 to August 26, 2000 and August 26, 2000 to August 26, 2001. On April 14, 2004, Scottsdale filed a Complaint for Declaratory Relief with this Court seeking judgment as to the existence and scope of its indemnity and defense obligations to Blue Cliff, if any existed in connection with the underlying action. Blue Cliff then filed a Counter Claim against Scottsdale, with eighteen of the Mississippi plaintiffs intervening to assert claims directly against Scottsdale. To date this Court has dismissed the claims of all but one intervening plaintiff, Leslie, and has ruled on all but one issue: whether Blue Cliff or its employees' conduct was so malicious, willful or wanton that it gives rise to recovery for purely mental and emotional harm.

As the remaining issue involves the conduct of Blue Cliff, Scottsdale filed with this Court a Motion to Quash or Modify the Subpoena issued to Scottsdale. Scottsdale argues that the subpoena should be quashed or modified under Federal Rule of Civil Procedure 45(c)(3)(A) because: (1) the subpoena subjects Scottsdale and one or more of its employees to undue burden and expense; (2) the subpoena was improperly served; and, (3) Blue Cliff refuses to pay the required fees for attendance and mileage or travel costs allowed under 28 U.S.C. §1821. Blue Cliff has filed with this Court an Objection to the Use of Deposition of Corporate Representative in Lieu of Testimony by Scottsdale and an Opposition to Motion to Quash Subpoena. Blue Cliff argues that: (1) Federal Rule of Civil Procedure 32(a)(2) allows only an adverse party to use the deposition of a corporation at trial, in lieu of live testimony; (2) as Scottsdale is the plaintiff in

this litigation, they should be required to attend the trial of their own case and be subject to direct and cross-examination by the defendant and interveners; and, (3) neither Blue Cliff nor the interveners should be required to pay for Scottsdale to attend the trial.

**II. S**TANDARD OF **R**EVIEW

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas. It provides that on timely motion, the court which issues the subpoenas *shall* quash or modify the subpoena if it fails to allow reasonable time for compliance, requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, requires disclosure of privileged or other protected matter, or otherwise subjects a person to undue burden. FED. R. CIV. P. 45(c)(3)(A)(i)-(iv); *Tucker v. Tangipahoa Parish Sch. Bd.*, No. 06-3818, 2007 WL 1989913, at *1 (E.D. La. July 3, 2007) (emphasis added). Under Rule 45, a subpoena *may* be quashed or modified if it requires the disclosure of a trade secret or an unretained expert's opinion, or requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial [from within the state in which the trial is held]. FED. R. CIV. P. 45(c)(3)(B)(i)-(iii) (emphasis added).

Rule 45 also provides that "[s]ervice of a subpoena upon a person named therein shall be made by delivering a copy . . . and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law." FED. R. CIV. P. 45(b)(1); *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003). The Fifth Circuit stated in *In re Dennis* that

3

> [T]he plain meaning of rule 45 [(b)(1)] requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena. . . . [W]hen the subpoenaing party makes no attempt to calculate and tender at least a reasonably estimated mileage allowance, he plainly violates rule 45(b)(1). . . . Thus, a court does not abuse its discretion by quashing a subpoena where the subpoenaing party tendered no mileage allowance whatsoever with the subpoena.

*Id.*

### III. ANALYSIS

The central issue concerning the Motion to Quash is whether the law requires a corporate representative of Scottsdale, as the party who instigated this action, to appear and give live testimony in order to determine if Blue Cliff or its employees' conduct was so malicious, willful or wanton that it gives rise to recovery for purely mental and emotional harm.[2]  Scottsdale argues that Defendants failed to comply with Rule 45 when issuing the subpoena to Scottsdale, and therefore forfeited their right to compel a corporate representative of Scottsdale appear at trial. Scottsdale also argues that live testimony from a corporate representative is not necessary because the remaining issue does not concern Scottsdale's insurance policy or coverage, and furthermore, Defendants have previously conducted and elicited deposition testimony of a corporate representative that is available for use at trial.

Alternatively, Blue Cliff argues that Rule 32 only permits an adverse party to utilize 30(b)(6) deposition testimony in lieu of live testimony, precluding Scottsdale from substituting the

---

[2] Mr. Fenasci, counsel for Defendants, indicated in the most recent pretrial conference that he seeks live testimony to question Scottsdale about their "willful, wanton or malicious" behavior.  However, this is <u>not</u> a remaining issue as this Court has ruled on the issue of bad faith, finding that Scottsdale had a good faith defense to coverage in this matter.  See Rec. Doc. 146.

deposition testimony of its own witness in place of his live testimony.  Blue Cliff also contends that, because Scottsdale is the plaintiff in this matter, it should be required to attend the trial at its expense.  In order to determine whether the law requires Scottsdale, as the party who both filed this claim and bears the burden of proof, to appear at trial, this section will examine the most compelling arguments made by Scottsdale.  Additionally, this Court will specifically address the Objection to the Use of the Deposition of a Corporate Representative in Lieu of Testimony by Scottsdale filed on behalf of Defendants.  Rec. Doc. 176.

**(1) Arguments that the subpoena causes the plaintiff undue burden, was improperly served and that Defendants failed to provide the required fees.**

A. <u>The subpoena subjects Scottsdale and one or more of its employees to undue burden and expense</u>

The plaintiff argues that the subpoena should be quashed because it subjects Scottsdale to undue burden and expense in violation of Rule 45.  FED. R. CIV. P. 45(c)(3)(A)(iv).  If a party moves to quash or modify a subpoena because it subjects a person to undue burden, the moving party "must meet the heavy burden of establishing that compliance with the subpoena would be unreasonable and oppressive." *Paul v. Stewart Enter., Inc.*, No. 99-3441, 2000 WL 1597935 (E.D. La Oct. 26, 2000) (*citing Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998); *Linder v. Dept. of Defense*, 133 F.3d 17, 24 (D.C. Cir. 1998)).  In this case, Scottsdale argues that requiring a corporate representative to travel to New Orleans would be unduly burdensome because: (1) they have previously, and on multiple occasions, made available for

deposition or trial witnesses and corporate representatives who incurred the expense of traveling from Phoenix to New Orleans, and none of those depositions or trials went forward as scheduled;[3] (2) the purpose of deposing Scottsdale's corporate representative was to avoid such a burden and expense; and, (3) Defendants admit that their intention in bringing a representative for live testimony is to question the representative about matters not at issue before the Court.[4]

In the present case, the issues concerning the insurance policy have been disposed of by this Court, and the only issue remaining for trial is whether Blue Cliff or its employees' conduct was so malicious, willful or wanton that it gives rise to recovery for purely mental and emotional harm. The deposition of a corporate representative from Scottsdale will not be able to offer this Court any testimony to elucidate this issue, and therefore it is unnecessary to require a corporate representative of Scottsdale to travel 1500 miles to give live testimony that is unrelated to the issue in front of this Court when previously given deposition testimony is available for insurance related issues.

B. The subpoena was improperly served

Scottsdale argues that service was improper because: (1) Blue Cliff and Leslie failed to serve

---

[3] *See* Memorandum in Support of Motion to Quash or modify Subpoena. In March 2005 the corporate representative for Scottsdale, Gene Metz ("Metz"), traveled to New Orleans to be deposed in this matter, however, opposing counsel **failed to appear** and was subsequently required to travel to Scottsdale to take his deposition. In April 2007 another corporate representative of Scottsdale traveled to New Orleans for another postponed trial date.

[4] *See* Opposition to Motion to Quash Trial Subpoena. Defendants argue that "[t]hese parties have a right to confront Scottsdale, at trial and *have Scottsdale explain it's insurance policy and it's* [sic] *behavior to this Court. . .*" (emphasis added).

Scottsdale, its attorneys or an appointed agent; (2) Blue Cliff attempted to serve a party outside of the geographical region that Rule 45 allows; and, (3) Blue Cliff and Leslie failed to pay the fees required by federal law (see "C" below).  A majority of courts in various jurisdictions require personal service of a subpoena and will not allow the alternate forms of service.  *See* 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE CIVIL 2d §2454 (2d ed. 1995) (*citing Barnhill v. U.S.*, 1992 WL 453880 (D.C. Ind. 1992); *Whitmer v. Lavida Charter, Inc.*, 1991 WL 256885 (D.C. Pa. 1991); *In re Smith*, 126 F.R.D. 461 (D.C.N.Y 1989); *Gillam v. A. Shyman, Inc.*, 22 F.R.D. 475 (D.C. Alaska 1958); *but see Doe v. Hersemann*, 155 F.R.D. 630 (D.C. Ind. 1994) (holding that service by certified mail is sufficient)).  Scottsdale has submitted for this Court a copy of the subpoena, showing that service was propounded upon the Louisiana Secretary of State, and was only received by Scottsdale after being forwarded, via mail, by the Secretary of State.[5]  Defendants fail to address the lack of personal service or improper recipient of service in their Opposition.[6]  In accord with Rule 45(b)(1), Defendants should have personally served Scottsdale with the subpoena, and the failure to do so is a violation of Rule 45(b)(1).

Rule 45(b)(2) places geographical limitations on persons who can be served.  Under Rule 45, a subpoena may be served anywhere within the district of the court by which it is issued or at any location outside of this district but "within 100 miles of the place of the deposition, hearing, trial. . . ."  FED. R. CIV. P. 45(b)(2).  Rule 45(b)(2) is subject to the provisions of (c)(3)(A)(ii)

---

[5] *See* "Exhibit C" to the plaintiff's Memorandum in Support of the Motion to Quash or Modify Subpoena.

[6] *See* Opposition to Motion to Quash Trial Subpoena.

7

which limit this restriction to any person "who is not a party or an officer of a party." The plaintiff has provided a Yahoo! Map as evidence that all representatives of Scottsdale are located more than 100 miles from the Eastern District's Courthouse, and argue that any representative subject to the subpoena would be required to travel more than 100 miles.[7] Defendants do not directly address this argument in their opposition, rather, they contend that because Scottsdale filed suit in the Eastern District of Louisiana it has consented to this Court's jurisdiction and should be required to appear at trial. Because the subpoena was directed to Scottsdale and not the former corporate representative, Metz, and because the provisions of Rule 45(c)(3)(A)(ii) specify that the 100 mile restriction applies only to persons who are not a party or an officer of a party, there is no problem with issuing a subpoena to a party in the litigation who is outside of the geographic area. Therefore, requiring an appearance by a corporate representative of Scottsdale is not a violation of Rule 45(b)(2).

C.  Blue Cliff refuses to pay the fees for attendance and mileage or travel costs required by Rule 45(b)(1) and 28 U.S.C. §1821

If a subpoena commands a person's attendance, Rule 45 requires that the party who issued the subpoena tender to that person fees in the amount of one day's attendance and mileage allowed by law under 28 U.S.C. §1821. The Fifth Circuit has consistently affirmed such a requirement. *See In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003). Plaintiff reminds the court that Defendants failed to tender the required fees to Scottsdale, the Louisiana Secretary of State

---

[7] *See* "Exhibit D" to the plaintiff's Memorandum in Support of the Motion to Quash or Modify Subpoena.

or the registry of the Court.  In their Opposition to Motion to Quash Trial Subpoena Defendants argue that, because the plaintiff chose to file the lawsuit in the Eastern District of Louisiana, the defendant and interveners should not be required to pay fees for Scottsdale's travel to their chosen jurisdiction.[8]  Without the proper tender of fees, there is a clear violation of Rule 45(b)(1) and 28 U.S.C. §1821.

**(2) Objection to the Use of the Deposition of a Corporate Representative.**

Defendants raise an additional argument as to the use of deposition testimony in their Objection to Use of Deposition of Corporate Representative in Lieu of Testimony By Scottsdale.  Defendants argue that Rule 32(a)(2) precludes the plaintiff from substituting its deposition for live testimony.  However, Rule 32 also provides that "[t]he deposition of a witness . . . may be used by *any party for any purpose if* . . . the witness is at a greater distance than 100 miles from the place of trial or hearing."  FED. R. CIV. P. 32(a)(3)(B) (emphasis added).  As the plaintiff has demonstrated that any potential witness or corporate representative of Scottsdale is located more than 100 miles from this Court, Rule 32 would not serve to preclude Scottsdale from substituting the deposition of its corporate representative in lieu of live testimony.

The Court finds that the plaintiff successfully demonstrated several violations of Rule 45, any of which can independently serve as a basis for the Court to quash or modify a subpoena, and that Defendants have failed to show any reason why federal law would preclude the granting

---

[8] Defendants provide no legal basis or authority for this proposition.  *See* Opposition to Motion to Quash Trial Subpoena.

of such a Motion.  Thus, the Court finds that the plaintiff has provided sufficient evidence to warrant a modification of the subpoena issued by Defendants upon Scottsdale.

## IV.  CONCLUSION

For the reasons stated above,

IT IS ORDERED that the plaintiff's Motion to Modify or Quash Subpoena is **GRANTED**.

IT IS FURTHER ORDERED that Defendants Objection to the Use of the Deposition of a Corporate Representative in Lieu of Testimony by Scottsdale is **OVERRULED**.  This Court will allow either party to use the deposition testimony given by Metz at trial.

New Orleans, Louisiana this 24th day of July, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE